# UNITED STATES DISTRICT COURT
## FOR THE NORTHER DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| RICHARD MACIAS, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| v. ) | Civil Action No. 17-cv-01158 |
| ) | |
| CREDIT CONTROL, LLC, RESURGENT ) | |
| CAPITAL SERVICES L.P., and LVNV ) | |
| FUNDING, LLC, ) | |
| ) | |
| DEFENDANTS. ) | <u>Jury Demanded</u>. |

## COMPLAINT

Plaintiff, Richard Macias, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because parts of the acts and transactions occurred here and Defendants transact substantial business here.

## STANDING

3. Plaintiff has a congressionally defined right to receive all communications from a debt collector free from any misrepresentations and false threats.

4. Defendants sent a collection letter to Plaintiff that offered a settlement, and stated the account may be reported to the credit bureaus, misrepresenting the fact it was already being reported.

5.     Plaintiff has thus suffered an injury as a result of Defendants' conduct, giving rise to standing before this Court. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1544 (2016), quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 580 (1992) (Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.); *Bellwood v. Dwivedi*, 895 F. 2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

## PARTIES

6.     Plaintiff, Richard Macias ("Plaintiff"), is a resident of the State of Illinois, from whom Defendants attempted to collect a delinquent consumer debt allegedly owed for a defaulted Capital One consumer credit card account.  Plaintiff is thus a "consumer" as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA.

7.     Defendant Credit Control, LLC, ("Credit Control") is a Missouri limited liability company that does or transacts business in Illinois. Its registered agent and office is C T Corporation System, 208 S. LaSalle Street, Suite 814, Chicago, Illinois 60604. (Exhibit A, Record from Illinois Secretary of State).

8.     Credit Control is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

9.     Credit Control holds a collection agency license from the State of Illinois and is a Licensed Collection Agency, and attempts to collect debts originally owed to others. (Exhibit B, Record from Illinois Department of Financial & Professional Regulation).

10. Credit Control is a "debt collector" as defined in in 15 U.S.C. § 1692a(6) of the FDCPA.

11. Defendant, LVNV Funding, LLC ("LVNV") is a Delaware limited liability company that does or transacts business in the State of Illinois. Its registered agent is Illinois Corporation Service, located at 801 Adlai Stevenson Drive, Springfield, Illinois 62703. (Exhibit C, Record from the Illinois Secretary of State).

12. LVNV is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

13. LVNV is licensed as a collection agency in the State of Illinois. (Exhibit D, Record from the Illinois Department of Financial and Professional Regulation).

14. LVNV regularly collects or attempts to collect defaulted consumer debts, and is a "debt collector" as that term is defined in § 1692a(6) of the FDCPA.

15. Defendant, Resurgent Capital Services L.P. ("Resurgent") is a Delaware limited liability partnership that regularly does or transacts business in the State of Illinois, but does not maintain a registered agent in Illinois.

16. Its registered agent in its home state of Delaware is Corporation Service Company, located at 2711 Centerville Rd, Wilmington, Delware, 19808. (Exhibit E, Record from the Delaware Secretary of State).

17. Resurgent is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

18. Resurgent is licensed as a collection agency in the State of Illinois. (Exhibit F, Record from the Illinois Department of Financial and Professional Regulation).

19. Resurgent regularly collects or attempts to collect defaulted consumer debts, and is a "debt collector" as that term is defined in § 1692a(6) of the FDCPA.

## FACTUAL ALLEGATIONS

20. According to Defendants, Plaintiff incurred a debt, used for personal, family or household purposes, alleged owed for a Capital One consumer credit account ("alleged debt"). The alleged debt is, thus, a "debt" as that term is defined in § 1692a(5) of the FDCPA.

21. Due to his financial circumstances, Plaintiff was unable to pay the alleged debt and it went into default.

22. LVNV subsequently acquired the alleged debt and assigned it to Resurgent for collection.

23. Resurgent then hired Credit Control to help collect the alleged debt.

24. On or about February 3, 2017, Defendants mailed a collection letter ("Letter") to Plaintiff regarding the alleged debt. (Exhibit G, Collection Letter).

25. The Letter conveyed information regarding the alleged debt, including the identity of the creditor, an account number, and an amount.

26. The Letter was thus a communication as that term is defined at § 1692a(2) of the FDCPA.

27. The Letter stated in relevant part:

**If you would like to resolve this account for significantly less than the balance or discuss other options you can [c]all us at…**

28. The Letter then states:

**Please note that a negative credit bureau report reflecting on your credit record may be submitted to a credit reporting agency by the current owner if you fail to fulfill the terms of your credit obligations.**

29. Plaintiff believed, and the unsophisticated consumer would believe, that Defendants were offering to settle the alleged debt, or they would submit a negative credit bureau report to a credit bureau.

30. In fact, the alleged debt had already been reported negatively to a credit bureau. (Exhibit H, Excerpt of Plaintiff's Equifax report showing Capital One tradeline).

31. Defendants were aware of the already existing negative credit reporting at the time they sent Plaintiff the Letter.

32. Defendants offered a false incentive to pay the alleged debt, which was intended to make the consumer afraid of negative effects on her credit report and rating, even though the alleged debt was already being reported to the credit bureaus.

33. Defendants made this false incentive in an attempt to coerce Plaintiff into settling the alleged debt.

34. 15 U.S.C. § 1692e of the FDCPA provides as follows:

> **False or misleading representations**
>
> **A debt collector may not use any false, deceptive, or misleading representations or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **. . . (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

35. 15 U.S.C. § 1692f of the FDCPA provides as follows:

> **A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. . . .**

36. Defendants used false, deceptive and misleading representations and unfair or unconscionable means in an attempt to collect a debt, in violation of 15 U.S.C. §§ 1692e, 1692e(10) and 1692f, when while making a settlement offer they stated that negative credit

reporting may begin, when in fact the alleged debt had already been reported to the credit bureaus.

37. The statement that a delinquent account "may be reported" to a credit bureau when the account has in fact already been so reported is can mislead the unsophisticated consumer. *Johnson v. Enhanced Recovery Co.*, LLC, No. 216CV00330PPSAPR, 2017 WL 168960, at *4 (N.D. Ind. Jan. 17, 2017).

38. Plaintiff felt feelings of hopelessness because he had no money to even settle the alleged debt, and was afraid of the consequences of negative credit reporting.

39. Plaintiff was trying to prevent his credit score from getting any lower because a low credit score forces consumers to pay much more for basic needs like housing and a car.

40. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. *See, e.g., Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I—FAIR DEBT COLLECTION PRACTICES ACT

41. Defendants used false, deceptive and misleading representations and unfair or unconscionable means in an attempt to collect a debt, in violation of 15 U.S.C. §§ 1692e, 1692e(10) and 1692f, when while making a settlement offer, they stated that negative credit reporting may begin, when in fact the alleged debt had already been reported to the credit bureaus.

WHEREFORE, Plaintiff asks that the Court enter judgment in favor of Plaintiff and the class members and against Defendants as follows:

      A.     Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

      B.     Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

      C.      Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

      D.      Such other or further relief as the Court deems proper.

### **JURY DEMAND**

Plaintiff demands trial by jury.

By: s/ Celetha C. Chatman
One of Plaintiff's Attorneys

Celetha J. Chatman
Michael J. Wood
**Community Lawyers Group, Ltd.**
73 W. Monroe Street, Suite 502
Chicago, IL 60603
Ph: (312)757-1880
Fx: (312)476-1362
mwood@communitylawyersgroup.com
cchatman@communitylawyersgroup.com