**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| RICHARD MACIAS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:17–cv-01158 |
| | ) | |
| v. | ) | Hon. Amy St. Eve |
| | ) | |
| CREDIT CONTROL, LLC, RESURGENT | ) | |
| CAPTIAL SERVICES L.P., AND LVNV | ) | |
| FUNDING, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Court Judge:

On February 14, 2017, Plaintiff Richard Macias brought the present Complaint against Credit Control LLC ("Credit Control"), Resurgent Capital Services LP ("Resurgent"), and LVNV Funding, LLC ("LVNV"), collectively "Defendants," alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et. seq.* ("FDCPA"), specifically, 15 U.S.C. §§ 1692e, 1692e(10) and 1692f. Before the Court is Defendants'[1] motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Court grants Defendants' motion.

## BACKGROUND

Credit Control is a Missouri limited liability company that conducts business in Illinois, and its registered agent and office is CT Corporation System, of Chicago, Illinois. (R. 1, Compl. ¶ 7.) LVNV is a Delaware limited liability company that conducts business in Illinois, and its

---

[1] Resurgent and LVNV filed the present Motion to Dismiss, but Credit Control joined in Resurgent and LVNV's motion, and accordingly, the Court refers to this motion as "Defendants' Motion to Dismiss." (R. 23, Notice of Joinder.)

registered agent is Illinois Corporation Service, of Springfield, Illinois. (*Id.* ¶ 7.) Resurgent is a Delaware limited liability partnership that regularly does business in Illinois. (*Id.* ¶ 15.) Plaintiff alleges that Defendants are debt collectors under the FDCPA, are licensed as collection agencies in the State of Illinois, and regularly use the mails and telephone to collect consumer debts originally owed to others. (*Id.* ¶¶ 8-19). Plaintiff is a resident of Illinois, and this case arises from Defendants' attempts to collect delinquent consumer debt from Plaintiff. (*Id.* ¶ 6.)

Plaintiff alleges that he incurred a debt in relation to a consumer credit account with Capital One that he used for personal and familial purposes. (*Id.* ¶ 20.) Plaintiff was unable to pay the alleged debt and subsequently went into default. (*Id.* ¶ 21.) Capital One reported Plaintiff's alleged debt to Equifax on January 8, 2017. (*Id.* ¶ 30; *see also* Ex. H.) LVNV purchased the debt from Capital One and assigned it to Resurgent for collection. (Compl. ¶ 22.) Resurgent in turn hired Credit Control for assistance in collecting the alleged debt. (*Id.* ¶ 23.) On February 3, 2017, Credit Control mailed a collection letter to Plaintiff regarding the alleged debt. (*Id.* ¶ 24.) The letter contained information identifying the "Current Creditor" (LVNV), the Original Creditor (Capital One), the account number, and the balance due. (*Id.* ¶ 25; *see also* Ex. G.) The letter stated, "This letter is to notify you that the above account has been purchased by LVNV Funding LLC and assigned to this office for collection." (*Id.*) It further provided, "Please note that a negative credit bureau report reflecting on your credit record may be submitted to a credit reporting agency by the current account owner if you fail to fulfill the terms of your credit obligations." (Compl. ¶ 28; *see also* Ex. G.)

Plaintiff alleges that he believed, as an unsophisticated customer, that Defendants were implying that they would submit a negative credit report to a credit bureau if Plaintiff did not settle the alleged debt. (Compl. ¶ 29.) Plaintiff claims that Capital One had already reported the

2

alleged debt to a credit bureau—Equifax. (*Id.* 30.) According to Plaintiff, Defendants were aware of the existing negative credit report, and were thus offering a false incentive for Plaintiff to pay his alleged debt in an attempt to "coerce" Plaintiff into settling the alleged debt. (*Id.* ¶¶ 31-33.) Plaintiff claims that Defendants' February 3 letter violated 15 U.S.C. §§ 1692e and 1692f because it made a misleading or unfair representation by stating that Defendants may submit a negative credit report, when in fact a credit report had already been submitted regarding the alleged debt. (*Id.* ¶ 41.)

## LEGAL STANDARD

"A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the viability of a complaint by arguing that it fails to state a claim upon which relief may be granted." *Camasta v. Jos. A. Bank Clothiers, Inc.,* 761 F.3d 732, 736 (7th Cir. 2014). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly,* 550 U.S. 544, 555 (2007) (citation omitted). Under the federal notice pleading standards, a plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 570).

In determining the sufficiency of a complaint under the plausibility standard, courts must "accept all well-pleaded facts as true and draw reasonable inferences in the plaintiffs' favor." *Roberts v. City of Chicago*, 817 F.3d 561, 564 (7th Cir. 2016). When ruling on motions to dismiss, courts may also consider documents attached to the pleadings without converting the

motion to dismiss into a motion summary judgment, as long as the documents are referred to in the complaint and central to the plaintiff's claims. *See Adams v. City of Indianapolis*, 742 F.3d 720, 729 (7th Cir. 2014); Fed. R. Civ. P. 10(c). Because Plaintiff attaches photocopies of the collection letter and prior credit report to his Complaint and these documents are central to his claim, the Court may consider these attachments in ruling on the present motion.

## ANALYSIS

Plaintiff alleges that Defendant's letter violated 15 U.S.C. §§ 1692e, 1692e(10), and 1692f. Section 1692e provides that it is a violation for a debt collector to use any "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Under § 1692e(10), it is a violation for a debt collector to "use . . . any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10). Under § 1692f, it is a violation for a debt collector to use "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f.[2]

According to well-settled Seventh Circuit precedent, "[c]laims brought under the Fair Debt Collection Practices Act are evaluated under the objective 'unsophisticated consumer' standard." *Gruber v. Creditors' Prot. Serv., Inc.,* 742 F.3d 271, 273 (7th Cir. 2014); *see also Heng v. Heavner, Beyers & Mihlar, LLC*, 849 F.3d 348, 352 (7th Cir. 2017) ("We apply the 'unsophisticated consumer' standard when evaluating whether a debt collector's representations comply with the FDCPA"); *McMahon v. LVNV Funding, LLC,* 744 F.3d 1010, 1019 (7th Cir.

---

[2] Because Plaintiff's § 1692f claim that Defendants' means of collecting a debt were unfair or unconscionable is based on his § 1692e claims that Defendants' statements were false or misleading, the Court analyzes Plaintiff's claims under all the FDCPA provisions together. *See Cruz v. MRC Receivables Corp.*, 563 F. Supp. 2d 1092, 1101 (N.D. Cal. 2008) (analyzing claims under sections 1692e, 1692e(10), and 1692f together).

4

2014) (unsophisticated consumer "standard applies to claims under both § 1692e and § 1692f"). As the Seventh Circuit has explained, "[o]n the one hand, the unsophisticated consumer may be 'uninformed, naive, or trusting,' but on the other hand the unsophisticated consumer does possess[ ] rudimentary knowledge about the financial world, is wise enough to read collection notices with added care, possesses reasonable intelligence and is capable of making basic logical deductions and inferences." *Gruber,* 742 F.3d at 273–74 (citation and internal quotation marks omitted); *see also* Pantoja v. Portfolio Recovery *Assocs., LLC*, 852 F.3d 679, 686 (7th Cir. 2017) (same). The Seventh Circuit, however, has been explicit that "as a matter of law, we shall not entertain a plaintiff's bizarre, peculiar, or idiosyncratic interpretation" under the unsophisticated consumer standard. *McMillan v. Collection Prof'l Inc.,* 455 F.3d 754, 758 (7th Cir. 2006). In other words, if it is not "apparent from a reading of the letter that not even a significant fraction of the population would be misled by it." *McMahon*, 744 F.3d at 1020 (quoting *Taylor v. Cavalry Investment, L.L.C.*, 363 F.3d at 574-75 (7th Cir. 2004).

Here, Defendants argue that the Court should dismiss Plaintiff's claims because the statements in the February 3 letter were not false or misleading. Defendants contend that a current account owner (in this case, LVNV) is allowed to make a negative credit bureau report regardless of whether the original creditor (in this case, Capital One) has already made a credit bureau report. Plaintiff responds that Defendants' statement was false, misleading, and unfair for two reasons. First, Plaintiff argues that Defendants' letter was deceptive because it obscured the fact that Capital One had already made a credit bureau report in relation to this debt and created a false incentive to pay off the remainder of the debt. Second, Plaintiff contends that while the letter identified LVNV as the current creditor, it asserted only that the current account owner could make a credit bureau report without making it clear that LVNV was both the current

5

creditor and the current account owner. The Court addresses each of Plaintiff's arguments in turn.

I.      **Defendants' Statement That It "May" Report Plaintiff's Debt**

Plaintiff first argues that Defendants' letter was false and misleading because it stated that Defendants may make a credit report, even though the original creditor had already made a report.

Courts in this District have held that debt collectors do not violate the FDCPA when they report a debt, even if another entity has already made a credit bureau report about the same debt. In *Kohut v. Trans Union L.L.C.*, No. 04 C 2854, 2004 WL 1882239 at *3 (N.D. Ill. Aug. 11, 2004), for example, the plaintiff sued a collection agency and a reporting agency under the FDCPA after the collection agency reported a debt that the plaintiff's original creditor had already reported. *Id*. at *1. The court granted the defendants' motion to dismiss, reasoning that the credit report was accurate and emphasizing that the collection agency was legally permitted to report the same debt that the original creditor had already reported. *Id.* at *2. The court thus found that "it [was] not false, deceptive, or misleading for [defendants] to tell a consumer credit reporting agency that it attempted to collect a debt that [plaintiff] concedes is valid." *Id.*

Additionally, several courts have found that it is not a violation of the FDCPA for a debt collector to state in a collection letter that it may, as it is legally permitted to do, submit a negative credit report, even if another entity has already submitted a negative credit report. In *Cruz v. MRC Receivables Corp.*, 563 F. Supp. 2d 1092, 1101 (N.D. Cal. 2008), for example, the plaintiff brought claims under sections 1692e, 1692e(10), and 1692f of the FDCPA because the defendant-debt collectors' letter to the plaintiff stated that they may submit a negative credit report to a credit reporting agency if the plaintiff failed to pay her debt. The plaintiff argued that

6

the defendants' statement was false and misleading because the original creditor had already issued a negative credit report. *Id.* The court dismissed the plaintiff's claim because "[a]dditional negative credit reports are not prohibited" and "[n]ot only could [the defendants] have submitted additional negative credit reports lawfully, they could have notified [the plaintiff] of those reports without running afoul of the FDCPA" *Id.* at 1101. The court emphasized that the letter was not false with regard to the potential consequences of the plaintiff's failure to pay her debt and nothing in the letter could be seen as "unfairly inducing [the plaintiff] to take an action she might otherwise not take." *Id.* The court concluded that, reading the context of the letter as a whole, the credit reporting notice was not "misleading or unfair to the least sophisticated consumer." *Id. See also Campbell v. Credit Protection Ass'n, L.P.*, No. 4: 12 CV 00289 AGF, 2013 WL 1282348, at *8 (E.D. Mo. Mar. 27, 2013) (finding no FDCPA violation where debt collector stated that it may submit a negative credit report); *Schuerkamp v. Afni, Inc.*, No. 10-6282-HO, 2011 WL 5825969, at *4 (D. Or. Nov. 16, 2011) (finding same); *Boyle v. Arrow Financial Services, LLC*, No. C 08-3381 PJH, 2008 WL 4447727, at *2 (N.D. Cal. Oct. 2, 2008) (finding same).

Here, Plaintiff's claim is directly analogous to *Cruz*. Like in *Cruz*, Defendants' letter stated that it may make a credit report in relation to Plaintiff's debt, even though the original creditor had already made such a report. As the court found in *Cruz*, however, this statement was not misleading or unfair and Defendants were not creating a false incentive for Plaintiff because Defendants could have lawfully submitted an additional credit report related to Plaintiff's debt regardless of the fact that the original creditor had already made a credit report. 563 F. Supp. 2d at 1101; *see also Kohut*, 2004 WL 1882239 at *3 (finding a second credit report permissible and explaining that if adding extra pressure to a debtor was always a violation of the

FDCPA, debt collectors essentially would never be able to report delinquent accounts). Simply put, the statement in Defendants' letter was not false or misleading, it was a true statement of Defendants' legitimate power to make a negative credit report.

In contrast to the line of cases discussed above, the two cases upon which Plaintiff relies are distinguishable from this case. In *Johnson v. Enhanced Recovery Company L.L.C.*, No. 2:16-cv-00330-PPS-APR, __ F. Supp. 3d __, 2017 WL 168960 (N.D. Ind. Jan. 17, 2017), the first case Plaintiff discusses, the defendant-debt collector sent a collection letter to the plaintiff stating that it "may" report the plaintiff's account to the credit bureaus. *Id.* at *2. Before the defendant sent the letter, however, the defendant itself had already reported the debt to a credit bureau. *Id.* at *2, *4. In denying the defendant's motion to dismiss, the court reasoned that the use of the word "may" indicated an "unrealized possibility" of reporting the debt, but that statement could plausibly have misled a reasonable unsophisticated consumer because the defendant had already reported the debt prior to sending the letter and thus reporting the debt was not a possibility, but rather, an action the defendant had already taken. *Id.* at *2, *4. Here, in contrast, the original creditor reported the debt and a new creditor, Defendant, stated that it also may report the debt. Defendants did not create a potential false impression of an "unrealized possibility" of reporting the debt because they had not previously reported the debt, and, as the new owner of the debt, they were legally permitted to report the debt if they chose to do so. *Kohut*, 2004 WL 1882239 at *3.

Plaintiff also relies on *Delgado v. I.C. Systems, Inc.*, No.17-cv-01366, Dkt. 20 (N.D. Ill May 18, 2017). In *Delgado*, the plaintiff alleged that the defendant's collection letter was a false "attempt to mislead the plaintiff into believing she had an incentive to pay the amount due within 30 days," despite the fact that the original creditor had already reported the debt to a credit

8

reporting agency. *Id.*; *see also* Dkt. 1, ¶ 13. The letter stated that the plaintiff's account was "scheduled to be reported" and explained that the defendant "will not submit the account information . . . until the expiration of the time period described in the notice below." Dkt. 20. In a brief order, the court denied the defendant's motion to dismiss. Aside from the fact that *Delgado* does not address why the defendant's letter was misleading, the letter at issue in this case is distinguishable from the defendant's letter in *Delgado*. Unlike here where Defendants' letter stated that they "may" make a negative credit report, the defendant's letter in *Delgado* not only stated that a credit report was already "scheduled," but explicitly stated that the defendant would not report the debt if the plaintiff made a payment within 30 days. Defendants' letter in this case merely stated that Defendant *may* make a credit report. *Delgado* therefore is not persuasive here.

In sum, a debt collector is legally permitted to report the same debt that an original creditor has already reported. *Kohut*, 2004 WL 1882239 at \*2. Thus, like in *Cruz*, Defendants' statement that it "may" report Plaintiff's debt was not false or misleading under the FDCPA.

## II. Defendants' Use of "Current Owner" and "Current Creditor"

Plaintiff next argues that Defendants' letter was misleading because it used the term "current creditor" and "current owner" interchangeably in a fashion that could confuse an unsophisticated consumer. In Defendants' letter, the heading stated that LVNV was the "Current Creditor" and Capital One was the "Original Creditor." In its body, the letter stated, "a negative credit bureau report reflecting your credit record may be submitted to a credit reporting agency by the current account owner." Plaintiff argues that an unsophisticated consumer would not understand the distinction between original creditor, current creditor, and current account owner and might not understand that LVNV, the current creditor and account owner, was a different

9

entity than Capital One, the original creditor, which had already made a negative credit report. Plaintiff asserts that since Defendants never identified the "current account owner," an unsophisticated consumer might be confused by exactly which entity was threatening to report the alleged debt.[3]

As noted above, the Seventh Circuit has explained that "[o]n the one hand, the unsophisticated consumer may be 'uninformed, naive, or trusting,' but on the other hand the unsophisticated consumer does possess[ ] rudimentary knowledge about the financial world, is wise enough to read collection notices with added care, possesses reasonable intelligence and is capable of making basic logical deductions and inferences." *Gruber,* 742 F.3d at 273–74 (citation and internal quotation marks omitted); *see also Muha v. Encore Receivable Management, Inc.*, 558 F.3d 623, 629 (7th Cir. 2009) (stating that "false, deceptive or misleading" under 1692e and 1692f should be interpreted as language that is "confusing" to the reader and therefore has an intimidating effect). Further, the Seventh Circuit has recognized that if "there [is] nothing deceptive-seeming about the communication the court would have to dismiss the case." *Evory v. RJM Acquisitions Funding, L.L.C.,* 505 F.3d 769, 766 (7th Cir. 2007) (citation omitted); *see also Pettit v. Retrieval Masters Creditor Bureau, Inc.*, 211 F.3d 1057 (7th Cir. 2000) (finding that the context and body of letter would allow unsophisticated consumer to understand that defendant was a collection agency).

Here, even an unsophisticated consumer would understand that the "current account owner" referenced in Defendants' letter was LVNV. Although the letter's header refers to LVNV as the "Current Creditor," the first paragraph in the body of the letter states, "This letter is to notify you that the *above account has been purchased by LVNV Funding LLC* and assigned to

---

[3] In their motion to dismiss, Defendants use "current account owner," "current owner," and "current creditor" interchangeably to refer to LVNV.

this office for collection." (Compl., Ex. G) (emphasis added). This sentence makes it abundantly clear that LVNV owned Plaintiff's account and that LVNV was the "current account owner" referenced later in the letter in relation to credit reporting. In fact, LVNV is the only account owner mentioned anywhere in the letter. Simply put, an unsophisticated consumer would understand that when an entity purchases an account, the entity then owns the account and could logically deduce that LVNV was the "current account owner." *Gruber*, 742 F.3d at 273-74 ("the unsophisticated consumer does possess[ ] rudimentary knowledge about the financial world"). Taking the entire context of the letter into account, there was nothing "deceptive-seeming" about Defendants' use of "current account owner." *Evory*, 505 F.3d at 776.

## CONCLUSION

For these reasons, the Court grants Defendants' Rule 12(b)(6) motion to dismiss with prejudice.

**Dated:** June 16, 2017

                                              **ENTERED**

                                              **AMY J. ST. EVE**
                                              **United States District Court Judge**